IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 10-03098-02-CR-S-DW |
| Plaintiff, | ) | Springfield, Missouri |
| | ) | January 20, 2011 |
| v. | ) | |
| **PAMELA CURTIS,** | ) | |
| Defendant. | ) | |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA
BEFORE THE HONORABLE JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | James J. Kelleher, Esq. |
| | AUSA |
| | 901 St. Louis St., Ste. 500 |
| | Springfield, MO 65806 |
| | (417) 831-4406 |
| For the Defendant: | Michelle Law, Esq. |
| | Federal Public Defender's Off. |
| | 901 St. Louis St., Ste. 801 |
| | Springfield, MO 65806 |
| | (417) 873-9022 |
| Court Audio Operator: | Ms. Glenda Elayer |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO 64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    (Court in Session at 2:01 p.m.)

2         THE COURT:  Ms. Curtis, you have signed a consent to
3    have these proceedings for a plea of guilty before a Magistrate
4    Judge, with the understanding that a United States District
5    Judge, a judge of higher jurisdiction, will keep your case for
6    acceptance of the plea of guilty and the sentencing.  Even though
7    you signed this consent, you have a right, if you wish, to appear
8    before a United States District Judge, a judge of higher
9    jurisdiction, for these proceedings.  At any appearance before
10   the District Judge, you're presumed innocent until such time, if
11   ever, as the Government establishes your guilt beyond a
12   reasonable doubt to the satisfaction of a judge or jury.  You
13   always have a right to be present, to be represented by counsel.
14   You have a right to confront and cross-examine witnesses.  You
15   have a right to subpoena evidence on your behalf, and you have a
16   right to testify or not testify as you would choose.  And if you
17   chose not to testify, it would not be held against you because
18   that is your right.  If, after understanding the charges against
19   you, the range of punishment, if convicted, and your right to
20   appear before a District Judge, if you wish, you may waive or
21   give up that right and proceed this afternoon before the
22   Magistrate Judge.  As I indicated, you've signed a consent.  Do
23   you understand that you have a right to appear before a United
24   States District Judge, a judge of higher jurisdiction, for these
25   proceedings?

1      MS. CURTIS:  Yes.

2      THE COURT:  And is it your desire to give up that right
3 and proceed this afternoon before the Magistrate Judge?

4      MS. CURTIS:  Yes, sir.

5      THE COURT:  Do you understand the charge against you in
6 Count One of the Indictment?

7      MS. CURTIS:  Yes, I do.

8      THE COURT:  Do you understand if convicted of the charge
9 in Count One that the range of punishment is not more than 20
10 years imprisonment, a $250,000 fine, three years supervised
11 release and a $100 mandatory penalty assessment?

12      MS. CURTIS:  Yes.

13      THE COURT:  To the charge in Count One, how do you wish
14 to plead, guilty or not guilty?

15      MS. CURTIS:  Guilty.

16      THE COURT:  Do you understand the charge against you in
17 Count Two of the Indictment?

18      MS. CURTIS:  I do.

19      THE COURT:  Now, it's my understanding that even though
20 the range of punishment listed on the Indictment is not more than
21 20 years, that the correct statutory reference should be not more
22 than ten years.  Is that right, Mr. Kelleher?

23      MR. KELLEHER:  That is correct, Your Honor.

24      THE COURT:  All right.  You understand if convicted of
25 the charge in Count Two of the Indictment that the range of

4

1  punishment is not more than ten years imprisonment, a $250,000
2  fine or twice the gross gain, three years supervised release and
3  a $100 penalty assessment?
4          MS. CURTIS:  Yes.
5          THE COURT:  To the charge in Count Two, how do you wish
6  to plead, guilty or not guilty?
7          MS. CURTIS:  Guilty.
8          THE COURT:  Would you raise your right hand, please?
9                  PAMELA CURTIS, DEFENDANT, SWORN
10         THE COURT:  Has anyone made any threat of any kind to
11 force you to plead guilty or to give up any of the other rights
12 we've discussed?
13         MS. CURTIS:  No.
14         THE COURT:  Has anyone made any promise of any kind to
15 induce you or overcome your will to get you to plead guilty or to
16 give up any of the other rights we've discussed?
17         MS. CURTIS:  No.
18         THE COURT:  I mentioned there were supervised release
19 terms of not more than three years that could be imposed as to
20 each of the counts to which you're pleading guilty.  Do you
21 understand that if those terms were imposed and then revoked for
22 any reason, that you could be required to serve an additional
23 term of imprisonment of not more than two years on each of those
24 counts, and if that happened, you would receive no credit for any
25 other time you'd spent either in custody or on release?

1        MS. CURTIS:  Yes.

2        THE COURT:  Do you understand the court could impose an
3   additional term of supervised release, which is governed by the
4   maximum of the statute, minus any time you'd spent in custody as
5   a result of a violation?

6        MS. CURTIS:  Yes.

7        THE COURT:  Do you understand that from a sentence
8   imposed in your case that there is no parole?

9        MS. CURTIS:  Yes.

10       THE COURT:  Do you understand that there are Sentencing
11  Guidelines to which the court will refer in an advisory capacity
12  when attempting to fashion a reasonable sentence in your case?

13       MS. CURTIS:  Yes.

14       THE COURT:  Have you discussed the guideline
15  calculations with Ms. Law?

16       MS. CURTIS:  I have.

17       THE COURT:  And do you understand them?

18       MS. CURTIS:  Yes, I do.

19       THE COURT:  Do you understand that the final decision as
20  to how those guidelines are calculated and ultimately what
21  sentence will be imposed rests with the District Judge?

22       MS. CURTIS:  Yes.

23       THE COURT:  If the District Judge would calculate the
24  guidelines differently from what you've discussed with Ms. Law,
25  that fact standing alone would not give you the right to withdraw

1  your plea of guilty.  Do you understand that?

2          MS. CURTIS:  I understand.

3          THE COURT:  And once the judge does establish the
4  guideline range, in some circumstances, you could be sentenced
5  above that range, and in other circumstances, below that range.
6  But again, the judge's decision, if you disagreed, would not give
7  you the right to withdraw your plea of guilty.

8          MS. CURTIS:  Yes.

9          THE COURT:  You have a right to a trial by jury with the
10 protections that I explained to you at the beginning of these
11 proceedings.  Do you understand your right to a trial by jury?

12         MS. CURTIS:  I do.

13         THE COURT:  Do you understand if you plead guilty, there
14 won't be a trial?

15         MS. CURTIS:  Yes.

16         THE COURT:  I'm going to ask you about the offenses
17 charged in Counts One and Two.  You're under oath.  You must
18 answer truthfully.  Any false answers could result in charges of
19 false swearing or perjury.  You always have the right to remain
20 silent.  From a period of time in February of 2004, to September
21 of 2008 in Polk County, Missouri, were you receiving food stamp
22 coupons?

23         MS. CURTIS:  Yes.

24         THE COURT:  And in applying for those coupons, did you
25 make statements with regard to your assets or your eligibility

for those coupons that you knew to be false?

MS. CURTIS: Yes.

THE COURT: From July of 2001 to August of 2008, were you also receiving Medicaid under the Missouri Medicaid program?

MS. CURTIS: Yes.

THE COURT: And in the process of applying for that, did you make misstatements with regard to your assets and your eligibility for that program as well?

MS. CURTIS: Yes.

THE COURT: Ms. Law, you've looked at the discovery in this case. Are you satisfied if put to proof, that the Government could establish the amounts in question as well as the fact that the statements made by your client, the false statements were material?

MS. LAW: Yes, I am, Your Honor.

THE COURT: I think there's an adequate factual basis for the pleas of guilty to Counts One and Two. Ms. Curtis, you're represented in this case by Ms. Law. Have you had enough time to talk with her about your case?

MS. CURTIS: Yes.

THE COURT: And are you satisfied with the advice that she has given you?

MS. CURTIS: I am.

THE COURT: The law requires me to ask you if this afternoon you are on any medication prescribed by a doctor or any

1   drugs or alcohol of any kind which would affect your ability to
2   understand what we're doing?
3         MS. CURTIS:  I am not.
4         THE COURT:  All right.  Mr. Kelleher, under Rule 11, any
5   other record you want me to make?
6         MR. KELLEHER:  No, Your Honor.
7         THE COURT:   Ms. Law, on behalf of Ms. Curtis?
8         MS. LAW:  No, Your Honor.  Thank you.
9         THE COURT:  I will then recommend the pleas of guilty be
10  accepted, and I'll order a Presentence Investigation be conducted
11  by the Probation Office.  And we will be in recess.
12        MS. LAW:  Thank you.
13        MS. CURTIS:   Thank you.
14              (Court Adjourned at 2:08 p.m.)

9

                I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.


        /s/ Lissa C. Whittaker          January 25, 2011
        Signature of transcriber             Date